IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| William J. Moore, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:05-cv-1065 |
| Abbott Laboratories, et al., | : | JUDGE WATSON |
| Defendants. | : | |

OPINION AND ORDER

This employment discrimination case is before the Court to consider a motion for protective order filed by the defendants (collectively referred to as "Abbott"). The subject of the motion is a request by plaintiff, William J. Moore, to take depositions which exceed the 10-deposition limit found in Fed.R.Civ.P. 30(a)(2)(A). For the following reasons, the Court concludes that Abbott is entitled to the requested protective order.

I.

Prior to the 1993 amendments to the Federal Rules of Civil Procedure, there was no presumptive limit on the number of depositions which a party to litigation in federal court might conduct. Although the court had the power to limit the number of depositions if deposition practice became burdensome, the absence of a presumptive limit was perceived by some as an open invitation to parties to abuse discovery. As a result, the rules were amended to provide that, absent permission of the opposing parties or leave of court, each party in a civil action is entitled to conduct only 10 depositions.

Because this limit is intended to curb abusive discovery practices, it stands to reason that a party wishing to conduct more than 10 depositions has the burden of persuading the court

that these additional depositions are necessary. This showing cannot be based upon general assertions. Rather, "the moving party must make a particularized showing why extra depositions are necessary." Schiller America, Inc. v. Welch Allyn, Inc., 2007 WL 2702247, *1 (S.D. Fla. September 14, 2007), citing, inter alia, Barrow v. Greenville Ind. Sch. Dist., 202 F.R.D. 480, 482 (N.D. Tex. 2001); Archer Daniels Midland Co. v. Aon Risk Services, 187 F.R.D. 578, 568 (D. Minn. 1999). A district court has the discretion (and perhaps the obligation) to deny leave to take additional depositions when no good reason to do so has been presented. Bell v. Fowler, 99 F.3d 262, 271 (8th Cir. 1996).

II.

According to the parties' filings, prior to the time that Abbott presented its motion for a protective order, Mr. Moore had already taken 16 depositions. Abbott filed its motion because, after these depositions had been taken, Mr. Moore noticed four additional depositions and stated, informally, that he wished to take at least two more depositions beyond those which had been noticed. Abbott offered to resolve the dispute by permitting Mr. Moore to take three of the six depositions, but he declined to compromise the matter in that fashion. As a result, Abbott filed its motion. Because Mr. Moore has the burden of demonstrating with particularity his need to take these additional depositions, the Court will now examine his filings in order to determine whether he has met that burden.

Mr. Moore has identified four of the six prospective deponents by either name or, for one of them, a description of topics which would be inquired about at a Rule 30(b)(6) deposition. The three deponents he has named are Natasha Raimondo, who was his direct supervisor from July, 2006 to the date he left Abbott's employ in 2007; Gary Schoenberger, a supervisor who had some involvement in rehiring Mr. Moore; and Cindy Foster, a human resources person who was already deposed about Mr. Moore's rehiring but who apparently was not asked

questions about her interaction with other witnesses during the time that Mr. Moore was re-employed. The Rule 30(b)(6) deposition would seek information about Abbott's computer software and its human resources databases. Mr. Schoenberger was deposed once before in the case, but, according to Mr. Moore, documents relating to this witness were not produced until months after he was originally deposed. The other two potential deponents are persons who have been identified by Abbott as having some knowledge about this case, although the extent of their knowledge is not clear.

The Court first notes that a substantial portion of Mr. Moore's brief is devoted to arguing that Abbott has not demonstrated how it will be prejudiced if these depositions go forward, and that the depositions are likely to lead to the production of relevant evidence. Because the depositions exceed the presumptive limit, Abbott has no obligation to demonstrate prejudice, and the question is not whether the depositions would lead to the production of relevant evidence. Rather, the question is whether Mr. Moore has demonstrated good cause for exceeding the presumptive limit of 10 depositions (enlarged by agreement of the parties to 16, and further enlarged by Abbott's offer to 19) through a showing of particularized need. In order to satisfy that burden, Mr. Moore cannot simply claim that these witnesses might know something about the case.

Limiting the discussion to the three witnesses other than those whom Abbott has agreed to produce, the Court concludes that Mr. Moore has not made the requisite showing. He has already had the opportunity to question an Abbott representative under Rule 30(b)(6), and the Court has, in a recent order, concluded that he is not entitled to significant additional production of documents beyond those which were already available to him earlier in the discovery process. The Court does not believe he has demonstrated a need to depose an Abbott representative about the topics described in the response to the motion for a protective

order. Similarly, he has not shown a particularized need for deposing the other two witnesses beyond a vague assertion that they may have some relevant knowledge. The ten-deposition limit contemplates that in most cases, witnesses who have some relevant knowledge but who are not central to the case will probably not be deposed. Presumably, Mr. Moore chose his other 16 deponents based upon the fact that they are more knowledgeable about the issues in the case than the two witnesses whom he has not deposed. Consequently, he simply has not met his burden of demonstrating the required level of necessity to take these additional depositions. As a result, Abbott is entitled to a protective order limiting Mr. Moore to taking only the depositions of those three additional witnesses whom Abbott has offered.

III.

For the foregoing reasons, defendants' motion for a protective order (#70) is granted. Plaintiff may take only those three additional depositions to which defendants have agreed, and no more, unless permission of the defendants or leave of Court is granted.

IV.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or

District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge