```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

William J. Moore,            :

    Plaintiff,           :

  v.                        :        Case No. 2:05-cv-1065

Abbott Laboratories, et al., :        JUDGE WATSON

    Defendants.          :

## OPINION AND ORDER

This employment discrimination case is before the Court to consider five pending motions. First, plaintiff William Moore filed a motion to compel discovery. Second, defendant Abbott Laboratories filed a motion to strike that motion. Third, Mr. Moore filed a motion to strike the motion to strike. Fourth, in a separate motion, Mr. Moore has moved to strike all references in Abbott's motion to strike to matters which were filed in a state court case involving Mr. Moore's attorney, Russell Kelm. Finally, Mr. Moore filed a motion to extend the time for filing a response to Abbott's summary judgment motion.

                              I.

All five motions are related. The Court begins with the simpler ones. Abbott's motion to strike is identical to its opposition to the motion to compel, and argues that the Court should strike Mr. Moore's motion because the motion does not comply with a prior oral order of the Court concerning its format, because it is untimely, and because there are matters addressed in the motion about which the parties never met and conferred. These are matters which the Court can take into account in deciding the merits of the motion to compel, and the Court will therefore not strike that motion.

Mr. Moore's two motions to strike argue, first, that Abbott

should have simply opposed his motion to compel and not moved to strike it. Because the motion to strike is identical to the opposition to the motion to compel, there is no need to strike it from the record. The Court will simply deny it for the reasons set forth above. Second, Mr. Moore's separate motion to strike asserts that the references made in Abbott's motion to some sanction proceedings in a state court case are irrelevant and prejudicial and should be struck for those reasons. However, there is at least some basis for Abbott's argument that those proceedings have some relevance to this case (although they will not influence the Court's decision on the motion in any way), and all of the matters referred to both by Abbott and by Mr. Moore in his reply memorandum (#111) which relate to that state court case appear to be matters of public record. Consequently, both of Mr. Moore's motions to strike will be denied as well.

II.

The Court now turns to the merits of the motion to compel. The motion raises seven separate issues, which the Court will deal with sequentially.

Prior to the motion's being filed, the Court held a discovery conference with counsel to discuss, among other things, some pension calculations that Mr. Moore had asked Abbott to make. During the course of those discussions, Mr. Moore's counsel raised an issue concerning whether Abbott had complied with one or more of the Court's prior discovery orders. The Court advised counsel that, if such an issue existed, it would have to be raised in a written motion, and that the motion would have to be very specific about what discovery had not been provided. The Court also directed counsel to address the issue of why, if the order which had allegedly not been complied with was issued in November, 2007, the question of non-compliance had not been raised previously with the Court. The latter issue is

addressed to some extent in the motion, and the motion appears to attempt to raise specific instances of non-compliance, although it is at times difficult to follow, and is supported (both as part of the motion and as part of the reply memorandum) with a long string of correspondence raising a whole host of discovery issues. Although Abbot has argued that the Court should not even address the motion because it is still too vague and because the excuse for failing to bring the issue to the Court's attention earlier is insufficient, the Court will do its best to resolve the motion on its merits.

### A. <u>Employee Information</u>

Mr. Moore first seeks production of what he describes as "employee profile information." The information he wants relates to two groups of employees: those who either held, or applied for (the Court cannot tell which), positions for which Mr. Moore also applied from 2005 forward, and those who worked either in the Medical Nutritional Specialist position or in the sales training area. Mr. Moore argues that the information "is accessible and should be produced." Although, in his memorandum supporting his motion, he does not appear specifically to contend that the Court previously ordered its production, the reply memorandum so states ("This Court ordered information related to [these employees]..."). The specific order which did so is not identified.

The Court's November 20, 2007 order held that Abbott was not entitled to limit its production of employee records just to those persons who applied for the same positions as did Mr. Moore, but had to produce information about "other hiring decisions made by the same managers involving persons applying for the same or similar positions as those for which Mr. Moore applied, age-based statistical information about the persons actually hired as compared to the applicant pool for those

positions, and age-based demographics relating to the composition of Abbott's work force in these areas over [a] four-year period." Id. at 12. The issue of employee information does not appear to have been addressed in the Court's order of November 19, 2008. The Court must therefore assume that Mr. Moore believes that Abbott did not produce this employee information as it was required to do so by the 2007 order.

In the reply, Mr. Moore identifies the deficiency in production as Abbott's failure to produce what he describes as the "employee profile for the relevant period of time." Doc. 111, at 5. Rather, he asserts that Abbott produced only "one screen shot of data...." The Court does not understand, from this description of the problem, what might be found in an "employee profile" that cannot be ascertained from the "screen shot" which Abbott has produced, or even what the difference is between the two. The Court has searched the correspondence attached to the motion itself, and the forty-five pages of correspondence attached to the reply brief for further illumination of the problem (although it is really the plaintiff's job to explain how these voluminous exhibits relate to the issues raised in the motion) and has found little additional assistance, although it appears, from Ms. Dawson's March 19, 2009, letter, that the difference between what she describes as the "profile" and what is on the "screen shot" is a timing issue - that is, that the screen shot provides some type of information about these employees (and, again, the Court cannot tell what type of information it is) at one particular point in time, whereas the "profile" might show how the information changes over the time of employment.

Assuming (and this is admittedly a guess) that the information at issue here relates primarily to other employees' ages at the time of hire or their qualifications at that time, it

is hard to see how any of that information would be different at different times during the employees' tenure with Abbott. Perhaps the issue is the change in compensation paid to them over time. However, the Court believes that Mr. Moore has been supplied with a significant amount of information about the pay range for all of the jobs for which he applied as well as for the job he obtained. In any event, this argument has not been articulated. Given that it is the plaintiff's burden, when filing a motion to compel, to persuade the Court that some relief should be granted, and given the fact that the Court simply fails to understand what is being requested in this first category, or why, the Court is unable to grant any relief.

### B. <u>Codes</u>

The second area addressed by the motion is the codes used by Abbott on some of the documents produced. Mr. Moore says that although he was given a list explaining the codes, he still cannot figure some of them out or determine when they might have been in effect.

In response, Abbott states that it supplemented its production on this issue. The reply states, however, that Abbott did not provide information about the time frames during which the codes were used. If that is so, Abbott should correct that problem forthwith.

### C. <u>Retirement Calculations</u>

Mr. Moore had asked Abbott to do a series of calculations of his benefits depending upon the age at which he retired and the salary he was making at retirement (and perhaps before, to the extent that several years' salary factors into the calculation). Abbott did run several calculations, although it appeared from discussions at the discovery conference that it simply failed to run calculations using at least some of the sets of parameters that Mr. Moore supplied to it. The motion to

compel asserts that Abbott did not do any more calculations after the conference.  In response, Abbott asserts that it has now done everything it was asked to do.  In the reply, however, Mr. Moore disputes that statement, and provides very specific information about which calculations were not run.  Doc. #111, at 5.

The Court noted during the conference that Abbott had apparently agreed to do the calculations which Mr. Moore asked for, but for some reason did only some of them.  The response to the motion to compel does not contain any substantive argument about these calculations but simply says they were done.  Assuming that the calculations identified on page five of the reply brief were asked for in Mr. Moore's original request, and that Mr. Moore's assertion about their not having been run is correct, Abbott should run those calculations forthwith.

### D. Areas Covered by Prior Orders

Mr. Moore also claims that Abbott may not have complied fully with the Court's prior discovery orders.  The argument presented in his motion appears to be made in the alternative, however.  He asserts that "[d]efendants have produced some information [which was previously ordered by the Court], but have not fully complied and if it is the defendants' position that they have complied, plaintiff sought written confirmation."  Doc. #108, at 7.  He also says he has sought confirmation about Abbott's production of information relating to other suits or charges and about organization and succession plans.  The only area where Mr. Moore asserts unequivocally that there has not been compliance is with respect to a statistical breakdown of certain parts of Abbott's workforce.

In response, Abbott contends, and the Court agrees, that Mr. Moore's motion is short on specificity as to what has not been produced.  Abbott asserts that it produced over 100,000 pages of documents in response to the November, 2007 order.  Abbott also

made a specific response to Mr. Moore's allegations in a letter written on April 2, 2009 and attached as an exhibit to Doc. #109. That letter does contain written confirmation about some of the matters at issue, and it also states that Abbott did produce all organization charts or succession plans for the four Abbott divisions at issue here. In reply, Mr. Moore points out that Abbott's letter and memorandum do not address the alleged non-production of statistical information that was ordered produced by the Court.

The Court agrees that Abbott did not specifically address this one category of information. Otherwise, the Court concludes that, based on the existing record, Mr. Moore has not demonstrated any non-compliance with the November, 2007 order. The Court will direct Abbott either to identify specifically what documents it has produced which show, in the terms of that order, "age-based demographics relating to the composition of Abbott's work force" for a four-year period covering the Columbus area and for the four divisions at issue, or to produce those documents.

    E.   <u>Abbott's Method of Producing Documents</u>

Mr. Moore's next contention is that Abbott's document productions suffer from various technical deficiencies, including the production of illegible documents and the failure to identify to which requests the documents are responsive. Neither the motion nor the reply identifies these problems with any more specificity, although there are some letters from counsel stating that certain bates-numbered documents are not very legible. Abbott responds that it has told Mr. Moore's counsel that there are no copies which are more legible than the ones produced. The reply appears to add an issue (personnel records of trainers) that was not previously addressed. Because that issue surfaced in the reply, the Court will not address it either. However, Mr. Moore also claims that Abbott has not responded to requests for

Mr. Moore to look at the original versions from which illegible copies were made. This latter request seems reasonable, so to the extent that Mr. Moore continues to ask for access to view the originals of totally or partially illegible documents, Abbott should accommodate his request.

    F.  <u>Personnel Information for Mr. Moore and Others</u>

The last two categories of information which Mr. Moore requests are described broadly as his complete personnel file, similar information for those hired into positions for which he applied, and information about other medical nutritional specialists who were "eliminated in the hiring process as he was." Doc. #108, at 8. Neither the motion to compel nor the reply indicates whether these are documents the Court previously ordered Abbott to produce, so it is not clear on what basis Mr. Moore is moving to compel their production. The reply appears to make a claim of entitlement to information about how Abbott has gone about locating Mr. Moore's personnel records, stating that he has not received "any evidence substantiating the production of all hard copy personnel files and databases searched and the specific efforts taken." Doc. #111, at 6. Again, the reply does not state why Mr. Moore may be entitled to this latter information.

In its response, Abbott represents that it "has gone to every internal department (human resources, employee relations, benefit, retirement, etc.) and sought every record regarding [Mr. Moore], all of which have been produced." Doc. #109, p. 10. It also states that it has produced all of the performance evaluations and complete compensation history for all of his former peers in the sales training department. The reply memorandum does not highlight any deficiencies in regard to documents other than those relating to Mr. Moore. Because Abbott has stated the locations in which it has searched for his

records, and also represented affirmatively that they have all been produced, there does not appear to be any basis for granting Mr. Moore any relief concerning those records. Because he does not assert any specific basis for the Court to order the production of any other records, the Court will not compel any further production with respect to the sixth and seventh categories of materials identified in the motion to compel.

III.

The only other pending motion is Mr. Moore's request for more time to respond to the pending summary judgment motion. The basis for that request is the same argument underlying the motion to compel, i.e. that Abbott owes Mr. Moore a substantial amount of information in discovery and that he cannot formulate a response to the summary judgment motion without it.

Fed.R.Civ.P. 56(f) was adopted because there are times when one party to a case moves for summary judgment and the opposing party has not yet been able to gather enough information, through discovery or otherwise, to oppose the motion properly. When that occurs, and the party files an appropriate motion and affidavit explaining why it needs additional time to respond, the Court may continue the summary judgment proceedings in order to permit investigation or discovery to go forward. Under this rule, however, such relief is to be granted only when the party opposing the motion "cannot ... present by affidavit facts essential to justify the party's opposition ...." The burden is on the opposing party to demonstrate that inability with specificity, and the trial court has broad discretion in determining whether to grant relief. See, e.g. Manzer v. Diamond Shamrock Chem. Co., (unreported), 907 F.2d 151, *4 (6th Cir. July 3, 1990)("a party opposing summary judgment has no absolute right to additional time for discovery under Fed.R.Civ.P. 56(f)").

Here, Mr. Moore's motion is completely lacking in the

specificity required by Rule 56(f).  It makes no reference to any specific argument advanced by Abbott in the summary judgment motion.  The affidavit attached to the motion not only fails to refer to the motion for summary judgment in any but the last paragraph, but is wholly conclusory as to the reason why any or all of the discovery which is the subject to the third motion to compel is needed in order for Mr. Moore to make an adequate response to the motion, stating only that Mr. Moore can do so within thirty days after receiving additional discovery.  See also Calavo Growers v. Anthony Gaglian Co., 294 F. Supp. 2d 1021, 1026 (E.D. Wis. 2003) (denying a Rule 56(f) motion because supporting affidavit "merely avers in bald, conclusory fashion that '[d]iscovery is necessary in order for Plaintiff to develop and prove the facts which are essential to oppose the Defendants' Motion for Summary Judgment'").

Even if the motion were more specific, as the above discussion indicates, little relief will be granted to Mr. Moore on his third motion to compel.  Again, the Court cannot tell whether the small amount of additional information which might be produced is necessary for Mr. Moore to oppose the summary judgment motion.  Certainly, in this relatively straightforward case, the amount of discovery already produced should be enough for Mr. Moore to identify areas where the material facts are in dispute if, in fact, such areas exist.  Consequently, his motion for a continuance will be denied, but the Court will grant him thirty days to respond to the motion.  That brief extension acknowledges both that the motion is lengthy and that, within ten days, Mr. Moore will receive whatever additional information the Court is ordering Abbott to produce, some amount of which might assist him in answering the motion.

## IV.

For the forgoing reasons, all of the pending motions to

specificity required by Rule 56(f).  It makes no reference to any specific argument advanced by Abbott in the summary judgment motion.  The affidavit attached to the motion not only fails to refer to the motion for summary judgment in any but the last paragraph, but is wholly conclusory as to the reason why any or all of the discovery which is the subject to the third motion to compel is needed in order for Mr. Moore to make an adequate response to the motion, stating only that Mr. Moore can do so within thirty days after receiving additional discovery.  See also Calavo Growers v. Anthony Gaglian Co., 294 F. Supp. 2d 1021, 1026 (E.D. Wis. 2003) (denying a Rule 56(f) motion because supporting affidavit "merely avers in bald, conclusory fashion that '[d]iscovery is necessary in order for Plaintiff to develop and prove the facts which are essential to oppose the Defendants' Motion for Summary Judgment'").

Even if the motion were more specific, as the above discussion indicates, little relief will be granted to Mr. Moore on his third motion to compel.  Again, the Court cannot tell whether the small amount of additional information which might be produced is necessary for Mr. Moore to oppose the summary judgment motion.  Certainly, in this relatively straightforward case, the amount of discovery already produced should be enough for Mr. Moore to identify areas where the material facts are in dispute if, in fact, such areas exist.  Consequently, his motion for a continuance will be denied, but the Court will grant him thirty days to respond to the motion.  That brief extension acknowledges both that the motion is lengthy and that, within ten days, Mr. Moore will receive whatever additional information the Court is ordering Abbott to produce, some amount of which might assist him in answering the motion.

## IV.

For the forgoing reasons, all of the pending motions to

strike (#109, #112 and #113) are denied.  The third motion to compel discovery (#108) is granted in part and denied in part.  Abbott shall, within ten days, and to the extent it has not already done so, supplement the information it produced about employee codes, perform the additional benefit calculations it previously agreed to do, allow Mr. Moore to view any original versions of illegible documents, and identify and/or produce the demographic information described in the Court's November, 2007 discovery order.  The motion for an extension of time under Fed.R.Civ.P. 56(f) (#119) is denied.  The response to the pending summary judgment motion is due within thirty days of the date of this order.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge